[No. B263955. Second Dist., Div. Five. June 27, 2016.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSICA LEE JEFFERSON, Defendant and Appellant.

**Counsel**

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Scott A. Taryle, Deputy Attorney General, for Plaintiff and Respondent.

**Opinion**

**TURNER, P. J.—**

## I. INTRODUCTION

Defendant, Jessica Lee Jefferson, appeals from a judgment of conviction of two counts of misdemeanor methamphetamine possession and one count of

attempted second degree robbery. (Health & Saf. Code, § 11377, subd. (a); Pen. Code,[1] §§ 211, 664.) We affirm the judgment of conviction but reverse the 14-year sentence in its entirety. Upon remittitur issuance, the trial court is to resentence defendant.

■ In the published portion of this case, we discuss two sentencing issues. To begin with, we analyze why the Health and Safety Code section 11372.7, subdivision (a) drug program fee may not be suspended. We conclude that because defendant did not have the ability to pay the fine, it may not be imposed at all. In addition, we discuss why no Penal Code section 1202.5, subdivision (a) crime prevention fine may be imposed. We conclude that *attempted* robbery is not an enumerated offense in section 1202.5, subdivision (a). Thus, when defendant is resentenced, no drug program nor crime prevention fees may be imposed.

## II. DISCUSSION

### A. Defendant's Fight with the Security Guards and Extensive Prior Record*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. Defendant Must Be Resentenced

#### 1.–5.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

#### 6. The Drug Program Fee

■ The trial court orally imposed and suspended on inability to pay grounds a $150 drug program fee (Health & Saf. Code, § 11372.7, subd. (a)) plus penalties and a surcharge. There is no statutory authority to suspend the drug program fee. The proper course of action is to decline to impose the fee rather than impose and suspend it. If the accused cannot afford to pay the

---

[1] Further statutory references are to the Penal Code except where otherwise noted.

*See footnote, *ante*, page 660.

$150 drug program fee, it may not be imposed. (Health & Saf. Code, § 11372.7, subd. (a) ["shall pay a drug program fee" unless unable to pay]; Health & Saf. Code, § 11372.7, subd. (b); see *People v. Woods* (2010) 191 Cal.App.4th 269, 272 [119 Cal.Rptr.3d 328] [no statutory authority to stay court facilities or court security assessments].) Further, because defendant was convicted of two misdemeanor violations of Health and Safety Code section 11377, subdivision (a), she was potentially subject to two drug program fees. However, we presume the trial court found defendant did not have the ability to pay a second drug program fee. (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864 [120 Cal.Rptr.3d 195]; *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1516–1518 [77 Cal.Rptr.2d 492].) Upon resentencing, no Health and Safety Code section 11372.7, subdivision (a) drug program fee may be imposed.

## 7. The Local Crime Prevention Programs Fine

■ The trial court imposed a $10 local crime prevention programs fine (§ 1202.5, subd. (a)). Section 1202.5, subdivision (a) states in part, "In any case in which a defendant is convicted of any of the offenses enumerated in Section 211, 215, 459, 470, 484, 487, subdivision (a) of Section 487a, or Section 488, or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed." As can be noted, *attempted* robbery is not among the enumerated offenses for which a local crime prevention programs fine may be imposed. In numerous settings, penal statutes have not referred to an attempt to commit a crime. Under these circumstances, appellate courts have consistently held that the penal statute therefore does not apply to an attempted crime. (*People v. Jernigan* (2014) 227 Cal.App.4th 1198, 1207–1209 [174 Cal.Rptr.3d 440] [*attempted* forcible oral copulation is not a disqualifying offense for purposes of resentencing]; *In re McSherry* (2007) 157 Cal.App.4th 324, 329–330 [68 Cal.Rptr.3d 518] [collecting cases].) Thus, no section 1202.5, subdivision (a) crime prevention fine may be imposed in this case. Upon resentencing, the trial court must omit the local crime prevention programs fine together with applicable penalties and surcharge.

## III. DISPOSITION

The entirety of the sentence is reversed. Upon remittitur issuance, the trial court is to resentence defendant in a manner described in this opinion. The

sentence may not exceed 14 years. The judgment of conviction is affirmed in all other respects.

Kriegler, J., and Raphael, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.