Filed 10/21/20  P. v. Phipps CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074503 |
| v. | (Super.Ct.No. FWV1102433) |
| NAPOLEON DAJON PHIPPS et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of San Bernardino County.  Mary E. Fuller, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant Napoleon Dajon Phipps.

Sharon G. Wrubel, under appointment by the Court of Appeal, for Defendant and Appellant Christopher Wilson.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Adrianne S. Denault, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendants Napoleon Dajon Phipps and Chris Patrick Wilson of multiple felony counts for their participation in the armed robberies of two convenience stores and for the instigation of a shootout at a third convenience store, which left one man dead. The jury also found true multiple special circumstance and sentence enhancement allegations. The trial court sentenced both men to state prison for more than 100 years to life, life without the possibility of parole (LWOP), plus lengthy determinate terms. In a first appeal, we reversed some counts for both defendants, remanded for resentencing and for the trial court to exercise its discretion whether to strike the defendants' firearm sentence enhancements and Wilson's serious prior felony enhancement, and directed the superior court to correct errors in both defendants' abstracts of judgment. (*People v. Phipps and Wilson* (July 9, 2019, E065254) [nonpub. opn.], as mod. July 30, 2019, review den. Oct. 23, 2019, S257346.)[1]

Defendants now appeal from their resentencing. Except for Wilson's claim that we must remand for the trial court to consider his good conduct since his commitment to state prison when determining whether to strike the firearm and prior conviction enhancements, the People concede the merits of defendants' claims of error. We agree

---

[1] By separate order dated May 8, 2020, we granted Wilson's unopposed March 23, 2020 request for judicial notice of our prior opinion. (Evid. Code, §§ 452, 459.)

2

with the People's concessions, order certain gang enhancements and fines and fees stricken from the abstracts of judgment, and direct the clerk of the superior court to prepare corrected abstracts of judgment. We also agree that a remand for consideration of Wilson's postcommitment conduct would be a futile act because, even if the court considered that conduct, it still would have denied his request to strike the enhancements. In all other respects, the judgments are affirmed.

I.

PROCEDURAL BACKGROUND[2]

In defendants' first appeal, we reversed Wilson's conviction for attempted murder for insufficient evidence, found instructional error on the lesser included offense of grossly negligent discharge of a firearm, reversed Phipps's and Wilson's convictions for shooting at an occupied motor vehicle on count 5, and remanded for the trial court to reduce the convictions to the lesser included wobbler offense and resentence defendants unless the prosecutor elected to retry the greater offense. (*People v. Phipps and Wilson*, *supra*, E065254.) And, among other things, we remanded for the trial court to exercise its discretion under then-recent ameliorative statutory amendments whether to strike either defendants' sentence enhancements for using a firearm and whether to strike Wilson's five-year sentence enhancement for having suffered a prior serious felony conviction. (*Ibid.*)

---

[2] The historical facts underlying defendants' convictions are irrelevant to the sentencing errors claimed in this appeal, so we will dispense with the normal recitation of facts.

3

Following the issuance of our remittitur, the prosecutor informed the trial court that the People elected not to retry defendants on the greater offense alleged in count 5 and would request sentencing on the lesser include offense.

Wilson's attorney filed a sentencing brief summarizing Wilson's positive conduct since his commitment to state prison. "Since his sentence he has not just sat but has made a true attempt at rehabilitation." Therefore, counsel asked the trial court to exercise its discretion to strike, in the interest of justice, Wilson's firearm use enhancement and the five-year enhancement for his prior serious felony conviction.

During Phipps's resentencing, his attorney asked the trial court to strike his firearm enhancements or impose lesser included enhancements and asked that it reduce to a misdemeanor his conviction on count 5 for the lesser included offense of grossly negligent discharge of a firearm. He argued he discharged his weapon during "a gun battle" between defendants and another group of men, "there is disputed evidence as to who fired first" and, at trial, Phipps had strenuously argued he returned fire in self-defense. The trial court replied it recalled the case "very clearly," "it was a gun battle started by the defendant and the codefendant," the jury had "clearly rejected" defendants' claims of self-defense, and the gun battle would not have taken place if Wilson had not confronted the other group of men first. Therefore, the court denied the requests.

The trial court sentenced Phipps to state prison for 40 years to life, LWOP, plus 50 years. The court found Phipps lacked the ability to pay appointed counsel fees and the cost for presentence investigation but indicated it would order him to pay $200 in court

security fees and a $150 criminal conviction assessment.  Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, Phipps's attorney asked that the court find he lacked the ability to pay those fees too, and the trial court ordered them stricken.  However, the court imposed a minimum $300 restitution fine and ordered Phipps (and Wilson jointly and severally) to pay restitution in the amount of $540 to one of the stores they robbed.

During Wilson's resentencing hearing, his attorney argued the trial court should consider Wilson's good conduct, since his commitment to state prison, when deciding whether to exercise its discretion to strike the sentence enhancements.  "He would like you to know that he's not just sitting on his butt.  He's trying to change himself.  He's trying to improve.  He's trying to behave.  It's not easy."  The court responded, "All of those are good things for you to do at this time, Mr. Wilson, but I have to look at sentencing in this matter based on the conduct at the time."  The court indicated the facts of this case were "egregious," and "[t]his case appears to be exactly the kind of case that the Legislature envisioned when they created Section 12022.53 and its subsections." Therefore, the court declined to strike Wilson's firearm use enhancement or to impose a lesser included enhancement.  Moreover, "[b]ecause of the nature of this crime and the nature of his prior conviction," the court denied Wilson's request to strike his five-year prior conviction enhancement.  Finally, as it did with Phipps, the court declined to reduce Wilson's conviction on count 5 to a misdemeanor.

The court sentenced Wilson to state prison for 25 years to life, LWOP, plus 48 years eight months.  It found Wilson lacked the ability to pay fines and fees but

5

imposed a mandatory $300 restitution fine and ordered that he pay $540 in restitution to one of the stores he robbed, jointly and severally with the order imposed on Phipps. When informed Wilson was unable to earn money in prison because "[t]hey don't pay lifers," the trial court found he lacked the ability to pay the restitution fine. The court recalled Phipps's resentencing and found he too lacked the ability to pay the restitution fine. However, the abstracts of judgment indicate both defendants were ordered to pay the minimum restitution fine, court operations fees, and criminal conviction assessments.

II.

DISCUSSION

A.      *The People Concede Some Gang Enhancements Must Be Stricken and Defendants' Abstracts of Judgment Must Be Corrected.*

The People concede, and we agree, the following errors occurred at resentencing:

Because the trial court sentenced Phipps and Wilson to LWOP for their conviction of special circumstance murder on count 6, the court erred by sentencing them to a consecutive term of 10 years in state prison under section 186.22, subdivision (b)(1)(C), for the true finding on the gang enhancement allegations related to that count. Penal Code section 186.22 provides, in relevant part: "[A]ny person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life shall not be paroled until a minimum of 15 calendar years have been served." (§ 186.22, subd. (b)(5).) Our Supreme Court has interpreted section 186.22, subdivision (b)(5), to preclude imposition of the 10-year gang enhancement on a conviction for which

6

a defendant was sentenced to life. (*People v. Lopez* (2005) 34 Cal.4th 1002, 1004.) Therefore, Phipps's and Wilson's gang enhancements on count 6 must be stricken.[3]

Because Phipps did not personally use a firearm during the robberies (see *People v. Phipps and Wilson*, *supra*, E065254), the trial court erred by imposing a 10-year gang enhancement on the sentence for his first degree robbery convictions on counts 1 and 3 *and* imposing firearm use enhancements for the same counts. "An enhancement for participation in a criminal street gang pursuant to Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1 shall not be imposed on a person in addition to an enhancement imposed pursuant to this subdivision, unless the person personally used or personally discharged a firearm in the commission of the offense." (Pen. Code, § 12022.53, subd. (e)(2).) Although the trial court stayed their imposition, Phipps's gang enhancements for counts 1 and 3 must be stricken. (See *People v. Brookfield* (2009) 47 Cal.4th 583, 595-597 [trial court erred by imposing 10-year gang enhancement on accomplice who did not personally use firearm in addition to 15 years to life term for firearm use by a principal].)

Finally, because the trial court had already made the express findings that Phipps and Wilson lacked the present ability to pay fines and fees and ordered them stricken, their abstracts of judgment must be corrected to strike the restitution fine, the parole revocation restitution fine, the court operations fee, and the criminal conviction

---

[3] For the same reasons, in the first appeal, we ordered Phipps's abstract of judgment corrected to strike the 10-year gang enhancement imposed on him for his conviction on count 7 of premeditated attempted murder. (*People v. Phipps and Wilson*, *supra*, E065254.)

7

assessment.  (Cf. *People v. Jefferson* (2016) 248 Cal.App.4th 660, 662-664 [once trial court finds a defendant lacks ability to pay a fee, the court may not impose the fee but suspend it; "proper course of action is to decline to impose the fee"].)

B.      *Remand For Consideration of Wilson's Postconviction Behavior Is Unnecessary.*

The People concede, and we agree, the trial court could have considered evidence of Wilson's rehabilitation since his commitment to state prison when exercising its discretion whether to strike his firearm and prior conviction enhancements.  "[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'"  (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  "[T]he resentencing court may consider 'any pertinent circumstances which have arisen since the prior sentence was imposed.'"  (*Ibid.*)  "The defendant's postconviction behavior and other possible developments remain relevant to the trial court's consideration upon resentencing."  (*People v. Bullock* (1994) 26 Cal.App.4th 985, 990; cf. *People v. Foley* (1985) 170 Cal.App.3d 1039, 1047 [in original sentencing, court may consider "a defendant's postconviction behavior in prison in setting a term"].)

Although the trial court agreed Wilson's efforts at rehabilitation "are good things," the court was mistaken when it expressed the belief that it was required "to look at sentencing in this matter based on the conduct at the time," presumably referring to when the offenses were committed.  A defendant is entitled to a sentencing decision made by a

8

trial court exercising informed discretion and, when the record demonstrates the court was unaware of its discretion, the usual remedy is to remand for the court to exercise informed discretion. (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.) "But if "'the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required."'" (*Ibid*.; see Civ. Code, § 3532 ["The law neither does nor requires idle acts."].)

As the People contend, a remand here is unnecessary. To repeat, on resentencing Phipps, the trial court stated it remembered this case "very clearly" and rejected Phipps's attorney's effort to minimize the severity of the offenses. The court said the "gun battle" Phipps and Wilson started would not have happened but for Wilson confronting the other men first, and the jury "clearly rejected" defendants' claim that they returned fire in self-defense. During Wilson's resentencing, the court said the case involved "egregious" facts, and it would deny Wilson's request to strike his firearm enhancement because his conduct was "exactly the kind of case" the Legislature had in mind when it enacted the firearm enhancement statutes. And the court expressly stated it denied Wilson's request to strike his five-year prior conviction enhancement based on "the nature of this crime and the nature of his prior conviction." The court proceeded to sentence Wilson to the maximum terms available, to be served consecutively. Where, as here, the record contains a clear expression from the trial court to impose the maximum sentence available based on "the egregiousness of a defendant's crime" and "a defendant's criminal history," "a remand would be an idle act because the record contains a clear

9

indication that the court will not exercise its discretion in the defendant's favor." (*People v. McDaniels*, *supra*, 22 Cal.App.5th at p. 427.)

## III.

## DISPOSITION

Napoleon Phipps's and Christopher Wilson's gang enhancements for count 6 and Phipps's gang enhancements for counts 1 and 3 are hereby stricken.

Napoleon Phipps's and Christopher Wilson's abstracts of judgment are ordered corrected to strike the restitution fines, parole revocation restitution fines, court operations fees, and criminal conviction assessments.

The clerk of the superior court shall prepare amended abstracts of judgment and forward them to the Department of Corrections and Rehabilitation.

In all other respects, the judgments are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

RAPHAEL
J.

10