Filed 6/16/21  P. v. Chapa CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANGEL MIKE CHAPA,<br><br>Defendant and Appellant. | F080211<br><br>(Super. Ct. No. PCF323529)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Detjen, Acting P.J., Franson, J. and Smith, J.

Appellant Angel Mike Chapa was convicted by jury of attempted murder (Pen. Code,[1] §§ 664/187), assault with a firearm (§ 245, subd. (a)(2)), attempted second degree robbery (§§ 664/211), and felon in possession of a firearm (§ 29800). In addition, the jury found true firearm enhancement allegations (§ 12022.5, subd. (a)(1); § 12022.53, subd. (b)), and the trial court found true prior serious felony enhancements (§ 667, subd. (a)(1)) and prior strike conviction allegations (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Chapa was sentenced to an aggregate term of 29 years in state prison.

On appeal, a majority of this court held there was insufficient evidence to support Chapa's conviction for assault with a firearm on count 2. Due to the subsequent enactment of Senate Bill Nos. 620 (2019-2020 Reg. Sess.) (Senate Bill No. 620) and 1393 (2017-2018 Reg. Sess.) (Senate Bill No. 1393), this court further held Chapa was entitled to a resentencing hearing to permit the trial court to exercise its newly conferred discretion to strike the firearm use enhancements and prior serious felony enhancements applied to his sentence.

Chapa's presence at the resentencing hearing was waived by his appointed attorney. On appeal, Chapa contends the trial court prejudicially erred by allowing his presence at the hearing to be waived by representation of his appointed attorney. This court requested supplemental briefs from the parties concerning an unrelated sentencing error appearing in the record. After consideration of the parties' arguments therein, we conclude the judgment must be reversed and the matter remanded back to the lower court for resentencing. In light of our conclusion, we do not address whether Chapa's absence from the resentencing hearing resulted in prejudicial error.

## PROCEDURAL HISTORY

On November 9, 2016, Chapa was convicted of attempted murder (§§ 664/187), assault with a firearm (§ 245, subd. (a)(2)), attempted second degree robbery

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

(§§ 664/211), and felon in possession of a firearm (§ 29800). The jury further found the firearm enhancement allegations (§ 12022.5, subd. (a)(1); § 12022.53, subd. (b)) to be true. The trial court found Chapa had suffered prior serious felony convictions (§ 667, subd. (a)(1)) and a conviction for a prior strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

On January 18, 2017, the trial court sentenced Chapa to an aggregate term of 33 years and four months in prison.

On April 7, 2017, following the identification of a sentencing error, the trial court resentenced Chapa to a prison term of 29 years. The trial court stayed Chapa's sentence on count 3 pursuant to section 654.

On January 14, 2019, this court reversed Chapa's conviction for assault with a firearm (§ 245, subd. (a)(2)), vacated Chapa's sentence, and remanded the matter to the trial court for resentencing in light of the reversal of the assault with a firearm conviction and for the trial court to exercise its newly conferred discretion to strike the firearm enhancements and prior serious felony conviction enhancement under Senate Bill Nos. 620 and 1393. (*People v. Chapa* (Jan. 14, 2019, F075097) [nonpub. opn.].)

On September 26, 2019, the trial court resentenced Chapa to an aggregate prison term of 23 years. Chapa was sentenced as follows: nine years for his conviction for attempted murder (§§ 664/187), doubled to 18 years based upon his strike prior (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)); a concurrent term of four years for attempted second degree robbery (§§ 664/211); and a stayed term of six years for felon in possession of a firearm (§ 29800). In addition, the enhancement for the personal use of a firearm (§ 12022.53, subd. (b)) attached to count 1 was imposed but stayed, and the five-year prior prison term enhancement (§ 667, subd. (a)(1)) attached to count 1 was imposed. The enhancements attached to count 3 were stayed.

On October 31, 2019, Chapa filed a timely notice of appeal.

## STATEMENT OF FACTS

The underlying facts of Chapa's offenses were summarized in detail in our prior opinion (*Chapa, supra*, F075097) and need not be repeated in detail here.

### *The Resentencing Hearing*

On September 19, 2019, at the resentencing hearing, defense counsel announced his appearance and stated Chapa was not present. The trial court asked defense counsel whether he was waiving Chapa's appearance. Defense counsel responded affirmatively, without any further inquiry from the trial court.

The parties discussed this court's appellate opinion and whether it had any bearing on the gun use enhancements attached to counts 1 and 3. The probation officer's updated report incorrectly stated that the gun use enhancements and prior serious felony enhancements were "[t]o be dismissed pursuant to remittitur."

The People correctly advised the trial court that Chapa's conviction for assault with a firearm on count 2 was vacated on appeal because the evidence failed to show Chapa had the present ability to use the firearm. However, the gun use enhancements (§ 12022.53, subd. (b)) would still apply because the gun was designed to shoot and it gave the reasonable appearance of being operable. Chapa did not challenge these conclusions on appeal, nor did he question the sufficiency of the evidence showing the gun was real.

According to the trial court, imposition of the gun use enhancements and the five-year prior serious felony enhancements was appropriate because of Chapa's extensive criminal record, the fact that he continues to reoffend, and the circumstances of the current offense, which evinced planning. However, the trial court stayed the firearm use enhancements, explaining:

> "THE COURT: [T]he point I am trying to say is that to me the appellate court is telling the sentencing court that based on the factual findings at least as to the elements of the gun, the nature of the gun was not proved at the time of the trial for purposes specifically of Count 2.

4.

So, I have to remedy that in terms of the things I already stated, whether I should impose the gun enhancement versus not imposing the gun enhancement when the Court of Appeal is telling me to my opinion, hey there ain't no gun."

Following further discussion by the prosecutor, the trial court ruled as follows:

"THE COURT: All right. Because the appellate court to me seems to make a finding that the jurors should not have made the finding of the gun in Count 2 because there was reasonable doubt raised pursuant to the evidence presented that the gun in fact was not in fact a gun, it could have been a plastic gun or a replica gun, that's ultimately what I interpreted the appellate court telling me. So because of that … I am not going to impose the special allegation under [12022.53] regarding the gun. [¶]…[¶]

"THE COURT: I am staying the gun enhancement, the punishment on the gun enhancement. [¶ …¶ ]

"THE COURT: …I am using my discretion, based on the reason I just stated, to stay the gun enhancement. However, for the reasons I previously read to you as to my review of his record and the nature of the case, I am going to impose the punishment on the special allegation of the [667(a)] by adding the 5 years."

The People objected to the trial court's ruling staying the gun use enhancement on count 1. The matter was continued one week at the prosecutor's request to determine whether the People could seek appellate remedies. The trial court stated it would not change its "decision on staying the gun enhancement."

The following week, the trial court sentenced Chapa to an aggregate term of 23 years in prison. The trial court pronounced judgment as follows: on count 1, Chapa's conviction for attempted murder (§§ 664/187), the upper term of nine years was imposed and doubled pursuant to Chapa's prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court imposed the midterm of four years on count 3, and ran the sentence concurrent to count 1. Count 4 was stayed pursuant to section 654.

The trial court stayed the personal gun use enhancements attached to counts 1 and 3 (§ 12022.53, subd. (b)), imposed the prior serious felony enhancement (§ 667, subd.

5.

(a)(1)) attached to count 1, but stayed the prior serious felony enhancement (§ 667, subd. (a)(1)) attached to count 3.

The trial court clarified it had stayed the gun use enhancement on count 1 "based on the reasons that [it] indicated previously." The People renewed their objection to the trial court's ruling. Chapa was not present at the hearing.

## DISCUSSION

### I. The Trial Court Erred by Finding Chapa Had Waived His Right to Be Present at the Resentencing Hearing

Chapa contends the trial court prejudicially erred by resentencing him in his absence and without a valid waiver. We conclude the trial court erred by finding that defense counsel's representation constituted a sufficient waiver of Chapa's presence. Because Chapa's sentence must be reversed for sentencing error, we do not address whether the trial court's error here was prejudicial.

#### A. Standard of Review

We apply the independent or de novo standard of review to a trial court's exclusion of a criminal defendant from a resentencing hearing, since the trial court's decision "entails a measurement of the facts against the law." (*People v. Waidla* (2000) 22 Cal.4th 690, 741.) Additionally, where the defendant has purportedly waived his or her presence, "[t]he voluntariness of a waiver is a question of law which appellate courts review de novo." (*People v. Panizzon* (1996) 13 Cal.4th 68, 80.)

#### B. The Trial Court Erred by Finding that Chapa Voluntarily Waived His Presence at the Resentencing Hearing

Both the federal and state Constitutions confer to a criminal defendant the right "to be present at critical stages of a criminal prosecution." (*People v. Wilen* (2008) 165 Cal.App.4th 270, 286 (*Wilen*); see U.S. Const., 6th & 14th Amends.; Cal. Const., art. I, § 15; § 977, subd. (b)(1).) Sentencing and pronouncement of judgment is a critical stage of a criminal proceeding. (*Wilen*, *supra,* at p. 287; *People v. Dial* (2004) 123

6.

Cal.App.4th 1116, 1122 ["[s]entencing is a critical stage in the criminal proceeding at which the defendant has the right to appear with counsel and present evidence"]; *People v. Robertson* (1989) 48 Cal.3d 18, 60 [criminal defendants have a "constitutional and statutory right to be present at [a] sentence modification hearing and imposition of sentence."].)

Coextensive with a defendant's constitutional right, California statutory law also secures a defendant's right to be present during various stages of a criminal proceeding. (See, e.g., §§ 977, subd. (b)(1), 1043, subd. (a), 1193, subd. (a).) Pursuant to section 977, a criminal defendant convicted of a felony is required to be present at sentencing. (§ 977, subd. (b)(1).) Although section 977 does not set forth a waiver procedure, section 1193 provides several methods by which a defendant may waive his or her presence.

A defendant may, "in open court and on the record, or in a notarized writing, request[] that judgment be pronounced against him or her in his or her absence." (§ 1193, subd. (a).) This method requires the defendant to be represented by an attorney and the defendant's absence must be approved by the court. (*Ibid*.) A defendant's presence may also be impliedly waived if "after the exercise of reasonable diligence to procure the presence of the defendant, the court shall find that it will be in the interest of justice that judgment be pronounced in his or her absence." (*Ibid*.)

A defendant's constitutional right to be present at pronouncement of judgment can also be waived, provided the waiver is voluntary, knowing, and intelligent. (*People v. Davis* (2005) 36 Cal.4th 510, 531 (*Davis*).) In addition, defense counsel may waive the defendant's presence, "but only if there is evidence that the defendant consented to the waiver. [Citations.] At a minimum, there must be some evidence that the defendant understood the right he was waiving and the consequences of doing so." (*Id*. at p. 532, fn. omitted.)

In *Davis*, a capital case, our Supreme Court held that defense counsel's purported waiver of the defendant's presence at a pretrial hearing was insufficient to show that the

defendant had "knowingly and intelligently waived his right to presence at the hearing." (*Davis, supra,* 36 Cal.4th at pp. 531-532.) The pretrial hearing concerned the admissibility of a jailhouse tape. (*Id*. at p. 530.) Defense counsel advised the trial court that the defendant was aware of the nature of the hearing, but he had decided to " 'waive his presence.' " (*Ibid*.)

In finding defense counsel's representation insufficient to constitute a valid waiver of the defendant's appearance, our Supreme Court explained, "[a]ll the record shows is that defense counsel represented to the court that counsel had discussed the hearing with defendant and that defendant would waive his presence. There is no evidence that defense counsel informed defendant of his right to attend the hearing; nor is there evidence that defendant understood that by absenting himself from the hearing he would be unable to contribute to the discussion of the contents of the tape recording." (*Davis, supra,* 36 Cal.4th at p. 532.)

Here, as in *Davis*, there is no evidence defense counsel advised Chapa of his right to attend the resentencing hearing, nor is there any evidence showing Chapa was aware he could offer evidence of his post-conviction conduct at this hearing which may support a mitigated sentence. As the instant case is not a misdemeanor case, defense counsel's bare representation, without more, is insufficient to infer that Chapa "understood the right he was waiving and the consequences of doing so." (*Davis*, *supra*, 36 Cal.4th at p. 532; *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110 [in misdemeanor proceedings, the trial court " 'can rely upon the representations of defense counsel that the accused was knowingly absent from the proceedings' "].)

While we have no reason to doubt that defense counsel discussed the resentencing hearing with Chapa, nothing upon this record supports the inference that Chapa's waiver was knowingly, voluntarily, and intelligently made. Thus, the trial court erred by finding defense counsel's bare representation sufficient to constitute a valid waiver of Chapa's presence.

## II.     The Personal Gun Use Enhancements

We requested supplemental briefing from the parties concerning the stay imposed on the personal gun use enhancements.[2]  The trial court stated it was imposing but staying the enhancement attached to count 1 specifically based upon this court's appellate opinion.  According to the trial court, this court concluded the gun used in the commission of Chapa's crimes was not a real gun.  It is unclear whether the trial court stayed both gun use enhancements pursuant to section 1385 or some other unspecified legal authority.  Nonetheless, the People agree that resentencing is required, as do we.[3]

First, insofar as it appears the stay was imposed pursuant to section 1385, a stay may not be discretionarily imposed under this statute "in furtherance of justice" (§ 1385).  "The trial court has no authority to stay an enhancement, rather than strike it—not, at least, when the only basis for doing either is its own discretionary sense of justice." (*People v. Lopez* (2004) 119 Cal.App.4th 355, 364; *People v. Haykel* (2002) 96 Cal.App.4th 146, 151 [" '[u]nless a statute says otherwise, an enhancement may be *imposed* or *stricken*, but ... may not be *stayed*; to do so is an illegal sentence' "]; *People v. Bradley* (1998) 64 Cal.App.4th 386, 391 ["a legally unauthorized sentence subject to correction for the first time on appeal"].)

Penal Code section 1385 does not contain language authorizing the trial court to stay a sentencing enhancement.  Insofar as the statute empowers the trial court to strike an enhancement or punishment on an enhancement, "[t]he terms 'stay' and 'strike' are not legally synonymous." (*People v. Santana* (1986) 182 Cal.App.3d 185, 190.)  "There

---

[2]     We address the personal gun use enhancements because, as we explain below, the record demonstrates clear error with respect to the stay imposed.  Because reversal is required, we need not and do not address any other aspect of the sentence imposed.  The trial court is entitled to reconsider all sentencing choices on remand.  (*People v. Hill* (1986) 185 Cal.App.3d 831, 834.)

[3]     Chapa suggests the trial court misspoke, and that the record supports the conclusion it had intended to strike the enhancements, but that the court had erroneously used the term "stay" rather than "strike" when it pronounced judgment.  Consequently, he urges this court to strike the enhancements.  The record belies his assertions.

9.

is nothing in the language of section 1385, which permits the 'stay' of all or part of a sentence."  (*People v. Calhoun* (1983) 141 Cal.App.3d 117, 125; see *People v. Eberhardt* (1986) 186 Cal.App.3d 1112, 1122 ["[s]taying imposition of sentence is not authorized by the Penal Code"]; but see *People v. Lopez* (1983) 147 Cal.App.3d 162, 165 [the trial court's authority to stay an enhancement is a necessarily included power under section 1385].)

"[T]he only authority for staying an enhancement is California Rules of Court, rule 4.447, which applies when 'an enhancement that *otherwise* would have to be either imposed or stricken is barred by an overriding statutory prohibition.  In that situation— and that situation only—the trial court can and should stay the enhancement.' "  (*People v. Bay* (2019) 40 Cal.App.5th 126, 139, italics in original.)  However, California Rules of Court, "rule 4.447 has nothing to do with a *discretionary* stay of an enhancement." (*People v. Lopez*, *supra*, 119 Cal.App.4th at p. 365, italics in original.)  Where California Rules of Court, rule 4.447 (rule 4.447) applies, a stay is mandatory by operation of law.

The parties here do not suggest that an overriding statutory prohibition applied that prohibited the trial court from striking the firearm use enhancements.  Moreover, the trial court stated it was exercising its *discretion*, based upon its interpretation of our opinion, to stay the personal gun use enhancements.  We therefore presume rule 4.447 does not apply.

Second, even assuming section 1385 authorized the stays imposed here, the record demonstrates the trial court was not exercising informed discretion in staying the gun use enhancements.  The trial court explained it was staying the gun use enhancements "[b]ecause the appellate court … seems to make a finding that the jurors should not have made the finding of the gun in Count 2 because there was reasonable doubt raised pursuant to the evidence presented that the gun in fact was not in fact a gun, it could have been a plastic gun or replica gun."  The trial court was mistaken.

While plastic or fake guns obviously do not qualify as "firearms," within the meaning of section 12022.53 (*People v. Monjaras* (2008) 164 Cal.App.4th 1432, 1435), Chapa never challenged the sufficiency of the evidence supporting the gun use enhancements on direct appeal. (*People v. Chapa, supra*, F075097, at pp. 6-7, fn. 3 [slip opn.].) Insofar as a majority of this court concluded the evidence adduced at trial failed to show the gun used was operable, our conclusion had no bearing on the gun use enhancements. Subdivision (b), section 12022.53 clearly provides, "[t]he firearm need not be operable or loaded for this enhancement to apply."

"Where, as here, a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination." (*People v. Downey* (2000) 82 Cal.App.4th 899, 912.) The record here affirmatively demonstrates the trial court's error was analogous to an erroneous understanding of the law, as the court misinterpreted our majority's holding in *People v. Chapa*, *supra*, F075097. Moreover, because there is some ambiguity in the record concerning how the trial court would have ruled on the personal gun use enhancements but for this error, remand is appropriate as we cannot correct the error on appeal.

We express no opinion as to how the trial court should exercise its discretion on remand. At the hearing, the parties are entitled to present evidence "of both good and bad postsentencing conduct in prison." (*People v. Yanaga* (2020) 58 Cal.App.5th 619, 627-628.)

## III. The Trial Court Erred by Imposing a Fine Under Section 1202.5

In this court's prior opinion, we concluded the trial court erred by imposing a $10 local crime prevention program fine pursuant to section 1202.5, subdivision (a). We explained, the fine must be stricken because Chapa was not convicted of a crime enumerated in section 1202.5, subdivision (a). (*People v. Jefferson* (2016) 248 Cal.App.4th 660, 663 ["*attempted* robbery is not among the enumerated offenses for which a local crime prevention programs fine may be imposed"], italics in original.)

11.

At Chapa's resentencing hearing, the fine was imposed once again. Once again, we strike the fine. We urge the trial court to exercise caution not to impose the fine on resentencing.

## DISPOSITION

The judgment is reversed. This case is remanded back to the trial court for resentencing. Unless his presence is waived under section 1193, Chapa is entitled to be present at the resentencing hearing.