Filed 9/18/23  P. v. Millsap CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTWON MARKESH MILLSAP,<br><br>Defendant and Appellant. | F085358<br><br>(Super. Ct. No. BF191472A)<br><br>**OPINION** |

-----

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

-----

[*] Before Levy, Acting P. J., Meehan, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment following a no contest plea which disposed of all issues between the parties.  (Pen. Code § 1237, subd. (a).).)[1]

## STATEMENT OF THE CASE

On September 21, 2022, the Kern County District Attorney filed an information charging Millsap with taking a vehicle (Veh. Code, § 10851, subd. (a); count 1), a felony; possessing drug paraphernalia (Health & Saf. Code, § 11364), a misdemeanor; and obstructing a peace officer (§ 148, subd. (a)(1); count 3), a misdemeanor.  The information also alleged as to count 1 factors in aggravation of the sentence, a prior conviction (§ 666.5, subd. (a)), and two prior strike convictions (§§ 667, subds. (c)-(j), 1170.12, subds. (a)-(e)).  The superior court case number was BF191472A (abstract count 1A).

On November 15, 2022, Millsap pled no contest to count 1 and admitted a prior strike conviction.  The trial court agreed to strike the prior strike conviction when Millsap was sentenced.  There was a stipulated factual basis for the plea.  The remaining counts were dismissed in light of the plea.

The parties agreed Millsap would be sentenced to the low term of 16 months to be served concurrently with the sentences in case numbers BF188078A and BF178610A.  Case No. BF188078A (abstract 1B) was a conviction for attempted carjacking (§§ 215, subd. (a), 664)[2] and case No. BF178610A (abstract 1C) was a conviction for possession of a stolen vehicle (§ 496d, subd. (a)).  The trial court sentenced Millsap that same day as follows:  (1) 16 months in case No. BF191472A; (2) 18 months in case No. BF188078A; and (3) 16 months in case No. BF178610A.  The three sentences were to be served

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] This conviction is listed in the abstract of judgment as count 1B.  The abstract of judgment incorrectly lists section 644 as the attempt statute.  The appropriate section is section 664 and we will order this correction in the disposition.

concurrently.[3]  Millsap was awarded 156 days of custody credits in case No. BF191472A, 232 days in case No. BF1888078A, and 568 days in BF178610A. Millsap was ordered to pay the following fines and fees:  (1) a $300 restitution fine in case Nos. BF191472A and BF188078A; (2) a stayed parole revocation fine in case Nos. BF191472A and BF188078A; (3) a $300 probation revocation fine in case No. BF188078A; (4) a $10 crime prevention fee in case No. BF188078A (§ 1202.5);[4] (4) an $80 court operation assessment; and (5) a $60 conviction assessment.

On December 1, 2022, Millsap filed a timely notice of appeal and requested a certificate of probable cause.  It appears the trial court did not rule on this request.

**STATEMENT OF FACTS[5]**

On August 29, 2022, at approximately 11:52 p.m., Bakersfield Police Officer Joshua Cavazos and his partner were on patrol in Kern County in the 1100 block of Kentucky Street.  Officer Cavazos saw a 2003 Jeep Liberty which had earlier been reported stolen.  The theft was later confirmed with the vehicle's owners.  Millsap was the driver and only occupant.  The officers stopped the vehicle.  Millsap was ordered to exit the vehicle but instead drove away.  Millsap eventually stopped in the 1300 block of Alta Vista, exited the vehicle, and was arrested.

---

[3] The abstract of judgment indicates the count 1B sentence is concurrent to the count 1A sentence.  In other words, count 1A is listed as the principal term.  This is incorrect.  "The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes …." (§ 1170.1.)  Because the sentence on count 1B is the greatest term imposed, it is the principal term.  We will order this correction in the disposition.

[4] This fee was imposed for the count 1B attempted carjacking conviction. Section 1202.5 does not apply to attempt.  (*People v. Jefferson* (2016) 248 Cal.App.4th 660, 663.)  We will order this fee stricken in the disposition.

[5] The facts are drawn from the September 16, 2022, preliminary hearing transcript.

## APPELLATE COURT REVIEW

Millsap's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Millsap was advised he could file his own brief with this court. By letter on August 1, 2023, we invited Millsap to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Millsap.

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to properly reflect the sentence on count 1B as the principal term, and to reflect the appropriate Penal Code section for attempt. (*People v. Mendez* (2019) 7 Cal.5th 680, 716 [an "unauthorized [sentence is] subject to judicial correction at any time"]; § 1170.1.) The section 1202.5 fee is stricken. The trial court shall forward the corrected abstract to the appropriate authorities.