Filed 9/18/23  P. v. Corpos CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097283 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE007856) |
| v. | |
| ROBERT VALARIANO CORPOS, | |
| Defendant and Appellant. | |

Defendant Robert Valariano Corpos appeals from a judgment imposed after a jury found him guilty of attempted carjacking and the trial court found he had a prior strike. (Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (c)(2); further undesignated section references are to the Penal Code.)  The trial court declined defendant's invitation to strike the prior strike under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and section 1385, instead imposing the upper term of four years and six months, doubled to nine years because of the prior strike.

1

Defendant's sole contention is that the trial court abused its discretion when it refused to apply changes brought about by Senate Bill No. 81 (2021-2022 Reg. Sess.) to strike his prior strike. But this court has already decided in *People v. Burke* (2023) 89 Cal.App.5th 237 that these legislative changes apply to requests to strike an *enhancement*, and a prior strike is not an enhancement. (*Id*. at pp. 242-243.) Defendant provides no cogent reason for us to deviate from *Burke*. We therefore affirm this portion of the judgment.

However, our review of the record discloses an unauthorized fine and an unauthorized fee and errors in the abstract of judgment.

Regarding the unauthorized fine and unauthorized fee, the trial court imposed a $10 crime prevention programs fine (§ 1202.5) and a 20 percent criminal impact fee (§ 1465.7, subd. (a)) levied upon the base fine. *Attempted* carjacking is not one of the enumerated offenses for which the trial court may impose a $10 crime prevention programs fine (§ 1202.5); only carjacking is. (See, e.g., *People v. Jefferson* (2016) 248 Cal.App.4th 660, 663 [§ 1202.5, subd. (a) fine does not apply to *attempted* enumerated convictions, there attempted robbery].) Without the crime prevention programs fine, there was no remaining fine to which the criminal impact fee could attach. (See § 1202.4, subd. (e) [exempting restitution fines from penalty assessments, including § 1465.7].) Therefore, both the crime prevention programs fine and criminal impact fee must be stricken. (See e.g., *People v. Allen* (2001) 88 Cal.App.4th 986, 989-989 [modifying judgment to strike penalty assessment without qualifying fine].)

Regarding the abstract of judgment, it mistakenly includes a $4 fee pursuant to Government Code section 76000.10 that was not orally imposed by the trial court. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070 [court's oral pronouncement of the judgment prevails over any conflicting language in the abstract judgment].)

## DISPOSITION

The $10 crime prevention programs fine (§ 1202.5) and a 20 percent criminal impact fee (§ 1465.7, subd. (a)) are stricken. The judgment as modified is affirmed. The trial court shall prepare an amended abstract of judgment that (1) deletes the $10 crime prevention programs fine (§ 1202.5); and (2) deletes the $4 fee (Gov. Code § 76000.10).[1] The trial court shall then forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

/s/
MESIWALA, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
DUARTE, J.

---

[1] We do not need to order the abstract of judgment corrected to delete the 20 percent criminal impact fee, because it does not appear on the abstract.

3