Filed 2/22/24  P. v. Garcia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN ALEXANDER GARCIA,<br><br>        Defendant and Appellant. | C098813<br><br>(Super. Ct. Nos. 20CR003156, 21CR002691, 23CR000581) |

Appointed counsel for defendant Brian Alexander Garcia asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our review of the record, we will modify the judgment to strike a theft fine and associated penalty assessments that should not have been imposed, and affirm the judgment as modified.  We will also direct the trial court to amend and correct the abstract of judgment.

I

This appeal involves three separate cases.  In case No. 20CR003156 (case No. 156), police responded to a reported gunshot and found defendant with a short-barreled

1

shotgun after he accidentally shot himself in the leg.  In case No. 21CR002691 (case No. 691), police stopped defendant and found him driving a stolen vehicle. And in case No. 23CR000581 (case No. 581), defendant threatened a victim with a knife over money allegedly owed.

In case No. 156, defendant pleaded guilty to possession of a firearm as a convicted felon.  (Pen. Code, § 29800, subd. (a)(1).)[1]  In case No. 691, he pleaded guilty to receiving a stolen motor vehicle.  (§ 496d.)  And in case No. 581, he pleaded guilty to attempted robbery.  (§§ 664, 211.)  The parties agreed to a sentencing lid of three years four months and to dismissal of the remaining charges.

At the sentencing hearing, defendant asked to be placed on probation, but the trial court rejected the request based on defendant's conduct in the attempted robbery offense and the fact defendant had been on post-release community supervision at the time of the offense.  Consistent with the plea agreement, the trial court imposed an aggregate sentence of three years four months, consisting of two years for the attempted robbery, a consecutive eight months for receiving a stolen motor vehicle, and a consecutive eight months for possession of a firearm.  The trial court imposed $600 restitution fines (§ 1202.4) and $600 parole revocation fines (§ 1202.45) in each case, and imposed $40 court operations assessments (§ 1465.8) and $30 criminal conviction assessments (Gov. Code, § 70373) for each conviction.  The trial court also imposed a $10 theft fine (§ 1202.5) plus applicable penalty assessments, for a total of $39.  The abstract of judgment also lists $600 probation revocation fines (§ 1202.44) for each case.

Defendant's notice of appeal indicated his appeal is based on the sentence or other matters occurring after the plea that does not affect the validity of the plea.  He did not obtain a certificate of probable cause.

---

[1] Undesignated statutory references are to the Penal Code.

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Based on our review of the record, we have determined that the theft fine and associated penalty assessments should not have been imposed and the abstract of judgment must be amended and corrected.

The trial court imposed a theft fine under section 1202.5 for the attempted robbery conviction. Section 1202.5 requires imposition of a $10 fine for an enumerated list of offenses, including robbery, but it does not encompass attempted robbery. (*People v. Jefferson* (2016) 248 Cal.App.4th 660, 663.) We will modify the judgment to strike the theft fine and associated penalty assessments.

In addition, although not orally imposed by the trial court, the abstract of judgment listed a $600 probation revocation fine under section 1202.44 for each case, for a total of $1,800. "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) The abstract of judgment must be amended and corrected to reflect the orally imposed judgment as modified.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to strike the section 1202.5 theft fine and associated penalty assessments. The judgment is affirmed as modified. The trial court is directed to prepare an amended and corrected abstract of judgment reflecting the orally imposed judgment as modified (omitting the theft fine and associated penalty assessments and the

probation revocation fines) and to send a certified copy of the amended and corrected abstract of judgment to the Department of Corrections and Rehabilitation.

                                           /S/

                                       MAURO, Acting P. J.

We concur:

     /S/

BOULWARE EURIE, J.

     /S/

MESIWALA, J.

4