Filed 3/10/26  P. v. Jackson CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B338399 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA071928) |
| v. | |
| ARVEL JACKSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Alan K. Schneider, Judge.  Affirmed with directions.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Chelsea Zaragoza, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Arvel Jackson (defendant) appeals from an order issued after a resentencing hearing held pursuant to Penal Code[1] section 1172.75. On appeal, defendant claims the abstract of judgment incorrectly reflects an unauthorized $10 crime prevention fine imposed pursuant to section 1202.5. Respondent agrees. We affirm with directions.

## BACKGROUND[2]

In 2013, defendant was convicted of battery causing serious bodily injury (§ 243, subd. (d); count 1), being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 3), and assault with a firearm (§ 245, subd. (a)(2); count 5). As to counts 1 and 5, the jury found true the allegations that defendant had personally used a firearm (§ 12022.5, subd. (a)) and inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)). In bifurcated proceedings, the court found defendant had previously been convicted of a serious felony (§ 667, subd. (a)) and one prior strike (§§ 667, subds. (b)-(j), 1170.12) and had served eight prior prison terms (§ 667.5, subd. (b)). The court sentenced defendant to an aggregate term of 29 years four months, which included the imposition and stay of eight section 667.5, subdivision (b) prison prior enhancements. The court also imposed a $10 crime prevention fine pursuant to section 1202.5. The judgment was affirmed on direct appeal. (*People v. Jackson* (Apr. 30, 2015, B253194) [nonpub. opn.].)

---

[1] Unless otherwise designated, all further statutory references are to the Penal Code.

[2] Because the facts of defendant's underlying offense are not relevant to the issues raised on appeal, we omit them.

In 2022, the court received a notice from the Department of Corrections and Rehabilitation identifying defendant as an individual whose sentence included prior prison term enhancements pursuant to section 667.5, subdivision (b) and who may be eligible for resentencing after the passage of Senate Bill No. 483 (2021–2022 Reg. Sess.). Without appointing counsel or conducting a full resentencing, the court struck the section 667.5, subdivision (b) prison prior enhancements.[3]

Defendant filed a petition for writ of habeas corpus alleging he was entitled to a full resentencing pursuant to section 1172.75. The trial court agreed, reconsidered its ruling and, after appointing counsel, conducted a full resentencing.[4] Upon resentencing, the trial court reiterated it was striking "all" defendant's one-year prison prior allegations and also struck defendant's prior serious felony enhancement pursuant to section 667.5, subdivision (a). As such, defendant's new sentence was 24 years four months. The court also stayed the mandatory fines

---

[3]     In its 2022 order the resentencing court stated defendant had five section 667.5, subdivision (b) enhancements. We note the abstract of judgment lists five such enhancements, which were imposed and stayed. At the time of sentencing, however, the trial court listed defendant's *eight* prison priors and imposed and stayed enhancements for all *eight*. The reference to five prison priors appears to have been a mistake by the resentencing court based on the erroneous abstract of judgment. This error is of no consequence because the trial court reconsidered its prior order and resentenced defendant in May 2023.

[4]     We note the minute orders refer to the proceedings as taking place pursuant to section 1172.6. As the record is clear these were resentencing proceedings pursuant to section 1172.75, this appears to be a clerical error.

3

and fees and waived the nonmandatory fines and fees based on defendant's inability to pay.

On June 11, 2024, the court issued a new abstract of judgment to reflect the changes after defendant's resentencing. As it did in the original abstract of judgment, however, the amended abstract of judgment lists imposition of a $10 fine pursuant to section 1202.5.

## DISCUSSION

Defendant contends, and respondent agrees, the original imposition of the section 1202.5 crime prevention fine was unauthorized. (See *People v. Scott* (1994) 9 Cal.4th 331, 354 [claims of unauthorized sentencing error may be raised at any time].) We agree.[5]

Under section 1202.5, subdivision (a), courts are required to impose a $10 crime prevention fine on a defendant who is convicted of a theft-related offense listed in the statute. Here, the $10 crime prevention fine was unauthorized because defendant's convictions are not among the offenses listed in section 1202.5, subdivision (a). (See *People v. Jefferson* (2016) 248 Cal.App.4th 660, 663.) Thus, we strike the $10 crime prevention fine from defendant's sentence.

---

[5] Moreover, the parties also agree that upon resentencing the court stayed all mandatory and waived all nonmandatory fines and fees due to defendant's inability to pay. Thus, even if the section 1202.5 fine were authorized (it is not), it was ordered stayed upon resentencing.

4

## DISPOSITION

The $10 crime prevention fine imposed pursuant to section 1202.5 is stricken. The trial court is directed to prepare a corrected abstract of judgment reflecting its removal and to forward a certified copy to the Department of Corrections and Rehabilitation.

CHAVEZ, Acting P. J.

We concur:

RICHARDSON, J.

GILBERT, J.*

---

\* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.